```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

STUD STEPHENS,

              Plaintiff,

v.                                  Case No.  8:15-cv-2219-T-33AEP

13TH JUDICIAL CIRCUIT COURT
JUDGE WILLIAM P. LEVENS; CITY OF
TAMPA, A MUNICIPAL CORPORATION;
HERB FECKER AND THEIR ATTORNEYS
DORMAN & GUTMAN, P.L.; JABESSA
MAJOR SMITH INDIVIDUALLY AND AS
THE TRUSTEE OF THE SALLIE B.
STEPHENS IRREVOCABLE TRUST AND
HER ATTORNEYS GAYLORD MERLIN
LUDOVIVI DAIZ & BRAIN; FREDRICK
H. STEPHENS AND HIS ATTORNEYS
TILESTON, SIMON & HOLLOWAY P.L.;
ET AL.,

              Defendants.
_____/
```

**ORDER**

This matter comes before the Court sua sponte. Upon review of pro se Plaintiff Stud Stephens' Civil Rights Complaint (Doc. # 1), filed on September 23, 2015, the Court dismisses this case.

**Discussion**

Stephens has filed a rambling "Civil Rights Complaint" pursuant to 42 U.S.C. §§ 1981, 1983 against a number of Defendants, including a state court judge and the City of Tampa. To summarize, Stephens is not happy with an Order

issued by the state court on March 11, 2015, in which the court found that Stephens was "an abusive litigant" with a history of "fil[ing] duplicative lawsuits in bad faith, knowing that his claims have already been raised and the merits of his allegations conclusively decided." (Doc. # 1-1). Stephens has tendered a partial copy of the state court "Order Dismissing Amended Complaint With Prejudice and Order Granting Motion to Preclude Future Pro Se Filings and Order Directing Clerk of Court to Close Case File." (Id.).

Stephens seeks relief against the state court judge, the City of Tampa, a City of Tampa employee, and a host of other Defendants pursuant to 42 U.S.C. § 1983 for violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  In addition, Stephens indicates that he is entitled to relief for a violation of 42 U.S.C. § 1981. He is seeking damages, including punitive damages, as well as declaratory and injunctive relief.  As analyzed below, this suit is subject to dismissal.

    **A.**    **Absolute Judicial Immunity**

First and foremost, the Court notes that "[j]udges are entitled to absolute immunity for all actions taken in their judicial capacity, except where they act in the 'clear absence of all jurisdiction.'" Waterfield v. Law, 546 F. App'x 841,

2

842 (11th Cir. 2013)(citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Absolute immunity applies in suits for damages as well as for non-monetary relief. Wusiya v. City of Miami Beach, No. 14-15323, 2015 U.S. App. LEXIS 9226, at *5 (11th Cir. June 3, 2015).

Here, Judge Levens is entitled to absolute immunity. From the Court's review of the Complaint, it appears that Stephens merely disagrees with an Order issued by Judge Levens. There are no assertions that Judge Levens acted "in the clear absence of all jurisdiction." Instead, Judge Levens, as the judge assigned to Stephens' case, entered a ruling that Stephens now contends was inappropriate. Accordingly, the Court finds that Judge Levens is entitled to absolute immunity and immediate dismissal from this suit.

**B.  42 U.S.C. § 1981**

In Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474 (2006), the Court explained that § 1981 was enacted to "combat racial discrimination" and "it protects the equal rights of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." Id. at 474-75. The Complaint is devoid of any allegation bearing on

3

racial discrimination. Stephens' § 1981 count is accordingly dismissed.

### C. 42 U.S.C. § 1983

#### 1. Private Actors

To obtain relief under § 1983, a plaintiff must demonstrate that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). Stephens has failed to demonstrate how the private actor Defendants, which include Dorman & Gutman, P.L., Jabessa Major Smith, individually and as trustee of the Sallie B. Stephens Irrevocable Trust, Gaylord Merlin Ludovivi Daiz & Brain, Fredrick H. Stephens, and Tileston, Simon, & Holloway P.L., acted under color of state law such that their conduct would fall under the purview of § 1983.

Generally, the "under color of state law" requirement excludes from § 1983's reach merely private conduct, no matter how wrongful. Am. Manufacturers Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). For Stephens to bring this § 1983 action against private citizens, he must demonstrate that the conduct allegedly causing the deprivation of his federal rights is fairly attributable to the state. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

4

Private parties are state actors for § 1983 purposes "only in rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For the private actor Defendants to be deemed state actors, one of the following conditions must be met:

> (1) The State coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ("nexus/joint action test").

Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Even construing the Complaint most broadly, as the Court must on account of Stephens' pro se status, there is no indication that any of the three aforementioned conditions apply. Accordingly, Stephens is not entitled to relief against the private actor Defendants under § 1983.

### 2. **State Actors (City of Tampa and Herb Fecker)**

In addition, Stephens has named the City of Tampa as well as a City employee, Herb Fecker, as Defendants. However, Stephens has not articulated any facts demonstrating unconstitutional conduct by these state actors. It has long been recognized that § 1983 is not a source of substantive

5

federal rights. Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996). Instead, to maintain a § 1983 action, a plaintiff must point to a violation of a specific federal right. Id. Here, Stephens generally alleges that the Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights. However, these are merely legal conclusions and are not bolstered by any factual allegations whatsoever.

For instance, the Fourth Amendment to the United States Constitution protects against illegal searches and seizures, among other ills. However, the Complaint, which essentially describes civil proceedings in state court, makes no mention of conduct giving rise to a Fourth Amendment violation. In addition, the Complaint fails to state any claim arising under the Fifth Amendment because the due process clause of the Fifth Amendment does not apply to state or local government actors. Chen v. Lester, 364 F. App'x 531, 537 (11th Cir. 2010)("Because Plaintiffs did not allege that any defendants were federal officials, claims brought under the Fifth Amendment were properly dismissed"); Riley v. Camp, 130 F.3d 958, 972 n. 19 (11th Cir. 1997)("The Fifth Amendment obviously does not apply here- the acts complained of were committed by state rather than federal officials"). And, while the Equal Protection Clause of the Fourteenth Amendment states that "no

6

state shall . . . deny to any person within its jurisdiction the equal protection of the laws," Stephens has not alleged any facts that would support an equal protection claim: namely that Stephens was treated differently than other individuals similarly situated. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Rather, it appears that Stephens contends that he did not get a desirable result in a state court proceeding presided over by Judge Levens. Even construed broadly, the sparse factual allegations contained in the Complaint do not give rise to anything close to a constitutional violation, clearly established or otherwise. The absence of a clearly established constitutional violation warrants dismissal of the § 1983 claims.

In addition, even if Stephens could demonstrate a constitutional violation, it is well-established that, in order to impose § 1983 liability on a municipality (such as the City of Tampa), a plaintiff must trace his injury to a municipal "custom" or "policy." See Monell v. Dept. of Social Servs.,436 U.S. 658, 694 (1978); see also McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Stephens has not included any factual allegations to support the existence of such a custom or policy that infringed his federal rights. Stephens' § 1983 claims are accordingly dismissed as to the

7

City of Tampa.

Finally, to establish personal liability in a § 1983 action against a state actor, here Herb Fecker, Stephens must show that the official, acting under color of state law, caused the deprivation of a federal right. Ky. v. Graham, 473 U.S. 159, 166 (1985).  In this case, Stephens has not alleged any individual action taken by Fecker leading to a constitutional violation.  Without more, his claim against Fecker is merely a claim against the City of Tampa.  As noted above, a § 1983 action against the City must be premised upon a policy or custom, which is lacking here.  Accordingly, Stephens' § 1983 claims are subject to dismissal.

    **D.**    **Rooker-Feldman Doctrine**

Due to the inartful manner in which Stephens has presented his claims, the Court is unable to ascertain with any certainty the true objective of his cause. In the "Introduction" section of the Complaint, Stephens demands punitive damages; however, in the final paragraph labeled "Relief," Stephens requests, inter alia, "an Order directing that a federal mediator hear all of Plaintiff's Claims." (Doc. # 1 at 1, 11).  Being that Judge Levens dismissed Stephens' action with prejudice, it appears that Stephens is seeking an Order from this Court overturning Judge Levens' disposition

of his case.

However, Stephens is advised that the federal district courts do not sit in an appellate capacity to review state court decisions.  If Stephens is dissatisfied with a state court decision, the appropriate forum for review is the state appellate court. This Court has no power to review a state court decision. <u>See</u> <u>Sitton v. United States</u>, 413 F.2d 1386, 1389 (5th Cir. 1969)("The jurisdiction possessed by the District Courts of the United States is strictly original.  A federal district court has no original jurisdiction to reverse or modify the judgment of a state court.  Federal courts have no authority to act as an appellate arm of the state courts."); <u>Harper v. Chase Manhattan Bank</u>, 138 F. App'x 130 (11th Cir. 2005)("Under the Rooker-Feldman abstention doctrine, it is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision.").

The Court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).  This liberal construction "does not give a court license to serve as de facto counsel for a party,

9


or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Even construing every allegation in Stephens' favor and liberally construing his Complaint, the Court determines that dismissal of the Complaint is required.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed.

(2) The Clerk is directed to Close this Case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of October, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All parties of record